IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
APRIL 16, 2008                                    YM
08CV2180
JUDGE DARRAH
MAGISTRATE JUDGE ASHMAN

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a Pennsylvania corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. ) |
| CLEAN HARBORS ENVIRONMENTAL SERVICES, INC. a/k/a CLEAN HARBORS, INC., a Massachusetts corporation, | ) ) ) ) |
| Defendant. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, Pacific Employers Insurance Company ("PEIC"), by its attorneys, Cozen O'Connor, and for its Complaint for Declaratory Judgment against Defendant, Clean Harbors Environmental Services, Inc. a/k/a Clean Harbors, Inc. ("Clean Harbors"), alleges as follows:

**NATURE OF CLAIM**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201(a) and Federal Rule of Civil Procedure 57 seeking a determination of the rights and obligations of the parties in connection with an insurance policy that Plaintiff PEIC issued to Defendant Clean Harbors.

2. Defendant Clean Harbors has been sued by Mr. Eddie Lopez and Ms. Sandy Lopez, who made claims against Clean Harbors for, among other things, negligence, strict liability, material misrepresentation, breach of warranty, and loss of consortium, as a result of Clean Harbors' alleged actions.

3.  PEIC seeks a declaration from this Court that, under the terms of the insurance policy issued to Clean Harbors, PEIC has no duty to indemnify Clean Harbors for any recovery by the Lopezes as a result of the allegations in their Complaint.

## THE PARTIES

4.  PEIC is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located in Philadelphia. At all relevant times, PEIC was authorized to and did conduct business in Illinois and issue liability policies to entities doing business in Illinois.

5.  Clean Harbors is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located in Norwell, Massachusetts. At all relevant times, Clean Harbors was authorized to and did conduct business in Illinois.

## JURISDICTION AND VENUE

6.  This Court is vested with subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy is greater than $75,000, 28 U.S.C. § 2201(a) and Federal Rule of Civil Procedure 57.

7.  The parties named herein have or claim to have an interest in this matter in controversy or would be affected by any declaration made by this Court.

8.  An actual and justiciable controversy exists between the parties to this proceeding.

9.  This Court has *in personam* jurisdiction over PEIC, as PEIC is authorized to and does conduct business in Illinois and issue liability policies to entities doing business in Illinois.

10. Upon information and belief, this Court has *in personam* jurisdiction over Clean Harbors, as Clean Harbors is authorized to and does conduct business in Illinois.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the underlying claim and litigation occurred within this judicial district.

### THE UNDERLYING LITIGATION

12. On March 27, 2003, Mr. Eddie Lopez and Ms. Sandy Lopez filed a Complaint against Clean Harbors in the Circuit Court of Cook County ("Circuit Court"), case no. 03 L 3730. On May 13, 2003, Clean Harbors removed the case to the United States District Court for the Northern District of Illinois ("District Court"). The District Court assigned case no. 03 C 3179 to the matter.

13. Clean Harbors tendered the claim to PEIC.

14. On July 2, 2003, the District Court dismissed the case without prejudice pursuant to a stipulation which expressly provided that the Lopezes had the right to re-file their suit.

15. On June 30, 2004, Eddie and Sandy Lopez re-filed their Complaint against Clean Harbors in the Circuit Court, case no. 04 L 7347 (the "underlying litigation").

16. On August 3, 2005, Clean Harbors removed the case to the District Court for the second time. The District Court assigned case no. 04 C 5107 to the matter.

17. On August 10, 2004, the District Court remanded the case to the Circuit Court for failure to comply with Local Rule 81.2. Effective April 25, 2005, Local Rule 81.2 was withdrawn.

18. On June 22, 2005, Clean Harbors removed the case to the District Court for the third time. The District Court assigned case no. 05 C 3645 to the matter.

19. On December 3, 2007, Eddie and Sandy Lopez filed an Amended Complaint in the District Court. The Amended Complaint alleges, <u>inter alia</u>, causes of action for negligence, strict liability, material misrepresentation, breach of warranty, and loss of consortium.

20. The Amended Complaint further alleges that, <u>inter alia</u>, Mr. Lopez was employed by a waste hauler as a driver to pick up and remove waste products from various disposal facilities, including the Clean Harbors facility.

21. The Amended Complaint further alleges that on or about April 6, 2001, Mr. Lopez was at the Clean Harbors facility for the purpose of picking up and removing various waste substances in dumpsters for delivery to a landfill, and that while he was at the Clean Harbors facility, he was exposed to and inhaled "poisonous and toxic fumes" that were "emitted from the dumpsters." The Amended Complaint further alleges that Mr. Lopez sustained "severe and permanent injury to his body, organs and nervous system[.]"

22. The Amended Complaint further alleges that Clean Harbors caused (1) damage to Mr. Lopez in excess of $50,000; and (2) damage to Ms. Lopez in excess of $50,000.

**THE PEIC INSURANCE POLICY**

23. PEIC issued Commercial General Liability Policy No. HDO G20577010 to Clean Harbors ("the Policy"), effective November 1, 2000 to November 1, 2001, with limits of liability $1,000,000 per occurrence, $1,000,000 products/completed operations aggregate, and $3,000,000 general aggregate (other than products/completed operations).

24. The relevant portions of the Policy include the following:

> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**

4

**a**.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. . . .

**b**.    This insurance applies to "bodily injury" and "property damage" only if:

**(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory" . . . .

*    *    *

[As amended in Endt. # 40.]

**2.**    **Exclusions**

This insurance does not apply to:

**a.**    **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

[As amended in Endt. # 43]

**b.**    **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

**(1)**    That the insured would have in the absence of the contract or agreement; or

**(2)**    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)**    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

5

**(b)**  Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\*   \*   \*

**POLLUTION EXCLUSION - HOSTILE FIRE EXCEPTION**

\*   \*   \*

1.  This insurance does not apply to any injury, damage, expense, cost, loss, liability or legal obligation arising out of or in any way related to pollution, however caused.

Section 1. of this exclusion does not apply to:

"Bodily injury" or "property damage" caused by heat, smoke or fumes from a hostile fire:

a.  At or from premises you own, rent, or occupy; or

b.  At or from any site or location on which you or any of your contractors working directly or indirectly on your behalf are performing operations, if pollutants are brought on or to the site in connection with such operations.

A hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

2.  This insurance does not apply to any expense, cost or loss arising out of any:

a.  Request, demand or order that any or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollution; or

b.  Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollution.

We shall have no duty to defend any "suit", claim or proceeding arising out of or in any way related to pollution excluded by this endorsement.

Pollution includes the actual, alleged or potential presence in or introduction into the environment of any substance, including

pollutants, if such substance has, or is alleged to have, the effect of making the environment impure, harmful, or dangerous. Environment includes any air, land, structure or the air therein, watercourse or water, including underground water.

Pollutants include any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

[Endt. # 44]

\*   \*   \*

**SECTION V - DEFINITIONS**

\*   \*   \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*   \*   \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**COUNT I**
**DECLARATORY RELIEF WITH RESPECT TO INSURANCE COVERAGE**

25. PEIC restates and reallages Paragraphs 1 through 24 as if fully set forth herein.

26. PEIC requests a judicial determination that, under the terms and conditions of the Policy, including but not limited to the provisions listed in paragraph 24, PEIC has no obligation to indemnify Clean Harbors for sums that may be awarded based on the allegations in the Amended Complaint in the underlying litigation.

27. PEIC has no obligation to indemnify Clean Harbors on the grounds that the Policy does not provide insurance coverage for any injury as alleged in the Amended Complaint in the underlying litigation.

WHEREFORE, Plaintiff, Pacific Employers Insurance Company, requests this Court to enter an Order granting the following relief:

1. Declaring the respective rights and obligations of the parties under the Policy at issue;

2. Declaring that Plaintiff, PACIFIC EMPLOYERS INSURANCE COMPANY, has no obligation to indemnify Defendant, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC. a/k/a CLEAN HARBORS, INC., against the allegations in the Amended Complaint in the underlying litigation;

3. Awarding attorney's fees and costs of this action; and

4. Awarding any and all other relief that this Court deems appropriate and just.

Date: April 16, 2008

By: s/ Bruce Lichtcsien_____
Attorney for Plaintiff, Pacific Employers Insurance Company

Bruce M. Lichtcsien
Cozen O'Connor
222 South Riverside Plaza, Suite 1500
Chicago, Illinois 60606
(p)(312) 382-3100
(f)(312) 382-8910

Of Counsel:
Thomas M. Jones
Helen A. Boyer
Matthew D. Taylor
Cozen O'Connor
1201 Third Avenue, Suite 5200
Seattle, WA 98101
(p)(206) 340-1000
(f)(206) 621 8783

606673//216939.000