**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE, COMPANY, a Pennsylvania corp., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) No.   08 CV 2180 |
| CLEAN HARBORS ENVIRONMENTAL SERVICES, INC a/k/a CLEAN HARBORS, INC., a Massachusetts corp. | ) ) ) ) ) |
| Defendant | ) |

**MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(7)**

Defendant, Clean Harbors Environmental Services, Inc. ("CHES") by its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(7), moves to dismiss the Complaint for Declaratory Judgment ("PEIC Complaint") filed by Pacific Employers Insurance Company ("PEIC"), for failure to join indispensable parties, as required by Federal Rule of Civil Procedure 19.  In support of its motion, CHES states:

1. PEIC filed the PEIC Complaint alleging that it has no duty to indemnify CHES for any recovery by Eddie Lopez and Sandy Lopez ("Mr. and Mrs. Lopez"), based on a complaint currently pending before Chief Judge Holderman in this District as *Lopez v. Clean Harbors Environmental Services, Inc*. ("Lopez Complaint") as Case No. 05 C 3645.  (PEIC Complaint ¶¶12-18).

2. The Lopez Complaint alleges purported causes of action for negligence, strict liability, fraud, breach of warranty and loss of consortium, related to Mr. Lopez's work for Waste Management as a driver, during which he picked up and removed certain waste products

from various disposal facilities, including a facility operated and owned by a CHES affiliate. (PEIC Complaint ¶¶18-21).

3. The PEIC Complaint alleges that PEIC has no duty to indemnify CHES against the claims asserted by Mr. and Mrs. Lopez based on various exclusions in the policy.

4. However, the Complaint is fatally defective pursuant to Federal Rule of Civil Procedure 12(b)(7) because, in a declaratory judgment filed by an insurer, as here, an injured party is necessary to the proper adjudication of the declaratory judgment. *St. Paul Fire & Marine Insurance Company v. T.J. Lambrecht Construction, Inc.*, 2001 WL 1609374 at*2 (N.D. Ill. 2001).

5. Here, PEIC failed to name Mr. and Mrs. Lopez, the claimants in the Lopez Complaint. The Complaint, therefore, is fatally defective because it fails to name necessary and indispensable parties.

6. Accordingly, the PEIC Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7).

7. Furthermore, CHES has filed a motion before Judge Holderman for reassignment of this case to Judge Holderman on the grounds of relatedness pursuant to LR. 40.4, and also has moved before Judge Holderman for leave to file a more comprehensive third party declaratory judgment action involving not only PEIC, but also its affiliate, ESIS, Inc. and CHES' umbrella liability insurance carrier, National Union Fire Insurance Company, as well as Mr. and Mrs. Lopez.

8. These motions currently are pending before Judge Holderman, and will be fully briefed as of June 3, 2008.

WHEREFORE, Defendant, Clean Harbors Environmental Services, Inc. prays that this Court (1) defer ruling on CHES' Rule 12(b)(7) Motion to Dismiss pending resolution by Judge Holderman of CHES' Motions to File for Leave to File its Third Party Complaint and Motion for Reassignment Based on Relatedness, (2) if the Motion for Reassignment Based on Relatedness is denied, set a briefing schedule on CHES' Motion to Dismiss, and (3) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Clean Harbors Environmental Services, Inc.

s/ Cary E. Donham
One of Its Attorneys

John F. Kennedy
Cary E. Donham
Jack J. Hagerty
Sherri Thornton-Pierce
Brett Nolan
SHEFSKY & FROELICH LTD.
111 East Wacker, Suite 2800
Chicago, Illinois  60601
Telephone:     (312) 527-4000
Facsimile:     (312) 527-4011
cdonham@shefskylaw.com
ARDC#:  6196185
1085637_1