UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, et al., ) ) ) Plaintiffs, ) ) v. ) ) CLEAN HARBORS ENVIRONMENTAL ) SERVICES, INC. and CLEAN HARBORS, INC, ) ) Defendants and ) Third-Party Plaintiffs, ) ) v. ) ) NATIONAL UNION FIRE INSURANCE ) COMPANY OF PITTSBURGH, PA, ) ) Third-Party Defendant. ) | No. 08 C 2180<br><br>Judge John W. Darrah |

## **MEMORANDUM OPINION AND ORDER**

Third-Party Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), pursuant to Fed. R. Civ. P. 12(c), has moved for judgment on the pleadings against Defendant and Third-Party Plaintiff Clean Harbors Environmental Services, Inc. ("Clean Harbors"). In response, Clean Harbors filed an affidavit pursuant to Fed. R. Civ. P. 56(f), asking this Court to deny the 12(c) motion as premature or to grant a continuance, allowing Clean Harbors to complete discovery.

For the reasons stated below, National Union's Rule 12(c) Motion for Judgment on the Pleadings is denied and the Court grants Clean Harbors' request pursuant to Rule 56(f) so it can complete discovery regarding a motion for summary judgment.

## BACKGROUND

In April of 2001, Eddie Lopez, a waste hauler, was working at Clean Harbors' waste transfer and storage facility on the south side of Chicago. Lopez was picking up waste products from the Clean Harbors site before hauling them to a landfill. At its site, Clean Harbors was in the business of storing and disposing of various waste products. While he was onsite, Lopez suffered serious bodily injury after allegedly inhaling toxic waste and fumes both at the site and at an offsite landfill. Lopez filed suit against Clean Harbors, alleging he inhaled fumes emitted from dumpsters he was loading on his truck. He claimed Clean Harbors was negligent by exposing him to the fumes and toxins. Eventually, in November 2008, Lopez settled with Clean Harbors before Chief Judge James Holderman in the District Court for the Northern District of Illinois. Judge Holderman ordered the settlement transcript sealed.

When Lopez filed suit against Clean Harbors, an insurance coverage dispute arose between Clean Harbors, Pacific Employers Insurance Company ("Pacific") and National Union. Both Pacific and National Union insured Clean Harbors at the time of Mr. Lopez's accident. Pacific issued a general liability insurance policy to Clean Harbors, while National Union issued an umbrella liability policy to Clean Harbors. The National Union umbrella policy provided excess coverage to the primary Pacific policy.

Clean Harbors argues the Lopez's incident is within National Union's umbrella coverage and that National Union should compensate Clean Harbors for the monies paid to Lopez in the settlement. National Union denies it owes coverage to Clean Harbors, citing two exceptions to coverage. First, National Union claims it owes Clean Harbors no coverage under the excess policy unless and until Clean Harbors exhausts coverage under its primary policies. Since

Clean Harbors has not yet exhausted its primary insurance coverage, National Union argues, no controversy exists. Second, National Union contends that an Absolute Pollution Exclusion provision in the policy precludes Clean Harbors from seeking coverage because the Lopez incident falls squarely within the provision.

Discovery by the parties was ongoing when National Union filed its 12(c) motion. At the forefront of the dispute is a series of documents National Union has not disclosed. The documents relate to the drafting history and intent of both National Union's adoption of the exclusion and the exclusion as applied by the insurance industry as a whole.

National Union contends the documents are not relevant because the pollution exclusion in the policy is unambiguous. It claims the application of the provision is a matter of law. Conversely, Clean Harbors points out that the Illinois Supreme Court has held the pollution exclusion provision can be ambiguous. The documents Clean Harbors seeks to inspect, therefore, may lead to evidence regarding the intent of the parties as to the pollution exclusion provision in the policy and its application to the Lopez incident. Without the discovery, Clean Harbors argues, it does not have the wherewithal to defend National Union's motion.

In response to National Union's Rule 12(c) motion, Clean Harbors' attorney, Cary E. Donham, submitted a written request for relief, pursuant to Fed. R. Civ. P. 56(f), and a supporting affidavit. In the request, Mr. Donham detailed the discovery Clean Harbors seeks and how the documents and deposition will allow Clean Harbors to defend National Union's pollution exclusion argument. Donham avers that the discovery Clean Harbors has yet been able to obtain will allow the Court to determine the intent of the parties under the provision in question.

## LEGAL STANDARD

### *Conversion of 12(c) Motion into Rule 56 Motion*

Fed. R. Civ. P. 12(d) states that if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. *Id.* The pleadings include the complaint, the answer, and any written instruments attached as exhibits. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing Fed. R. Civ. P. 10(c)).

### *Rule 56(f) Affidavit*

Fed. R. Civ. P. 56(f) states that "if a party opposing a summary judgment motion has demonstrated that it is unable to 'present by affidavit facts essential to justify [its] opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.'" *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885 (7th Cir. 2005) (*Davis*). A Rule 56(f) motion must state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit. *Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir. 2002) (*Grayson*) (citing Fed. R. Civ. P. 56(f) and *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 (7th Cir. 2000) (*Kalis*)).

The Supreme Court has recognized that the district court's decision about the existence of factual disputes depends on the ability of the non-moving party to come forward with concrete materials that demonstrate such a dispute. *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir.

1996) (*Farmer*) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (*Celotex*)). The non-moving party's ability to do so, however, often hinges on the progress it has made in discovery. *Farmer*, 81 F.3d at 1449. There may be instances when the adverse party, for legitimate reasons, has been unable to gather supporting materials. *Id*. When this occurs, Rule 56(f) allows that party to bring its problems to the court's attention, and the court is empowered either to refuse the application for summary judgment or to grant a continuance to permit the necessary discovery. *Id*.

The predominant test for Rule 56 continuance requests applied by the Seventh Circuit holds that "a party seeking the protection of Rule 56(f) must make a good-faith showing that it cannot respond to the movant's affidavits." *Kalis*, 231 F.3d at 1058 (quoting *United States v. All Assets and Equip. of W. Side Bldg. Corp.*, 58 F.3d 1181, 1190 (7th Cir. 1995)). "The rule requires the filing of an affidavit stating the reasons for a claimant's inability to submit the necessary material to the court." *Id*. The party seeking further time to respond to a summary judgment motion must give an adequate explanation to the court of the reasons why the extension is necessary. *Farmer*, 81 F.3d at 1449 (citing *Korf v. Ball State University*, 726 F.2d 1222, 1230 (7th Cir. 1984)).

A second mechanism a court can use to determine the validity of a request for a continuance under Rule 56(f) is to consider five criteria: authoritativeness, timeliness, good cause, utility, and materiality. While the Seventh Circuit has not openly adopted the five criteria approach, it has cited to it favorably on at least two occasions. In *Farmer*, 81 F.3d at 1450, the Seventh Circuit cited the five-criteria approach employed by the First Circuit in *Resolution Trust Corp. v. North Bridge Associates*, 22 F.3d 1198 (1st Cir. 1994) (*Resolution Trust*), as a

"particularly detailed analysis" of Rule 56(f). Subsequently, the Seventh Circuit stated when a district court considers a motion to compel, it must evaluate such factors as authoritativeness, timeliness, good cause, utility, and materiality. *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002) (*CSC Holdings*).

## ANALYSIS

### *Rule 12(c) Motion for Judgment on the Pleadings*

The affidavit and written discovery request of Clean Harbor's attorney, Cary E. Donham, emphasize documents that may shed light on the parties' intent of the adoption of the provision in the policy. Donham's affidavit sufficiently demonstrates that to determine the intent of the parties and the issue of ambiguity in the pollution exclusion, Clean Harbors should be allowed to discover these documents. The proper course of action is to resolve this issue by summary judgment, if possible.

For the reasons stated above, National Union's 12(c) motion is denied as such without prejudice to the parties to file a motion for summary judgment at the appropriate time, as discussed as follows.

### *Pollution Exclusion Provision*

A court's primary objective in construing the language of the policy is to ascertain and give effect to the intentions of the parties as expressed in their agreement. *American States Insurance Co. v. Koloms*, 177 Ill.2d 473, 479 (Ill. 1997) (*Koloms*) (citing *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill.2d 384, 391 (Ill. 1993)). If the terms of the policy are unambiguous, they must be given their plain and ordinary meaning. *Id.* (citing *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill.2d 90, 107-08 (Ill. 1992))

6

(*Outboard Marine*). Conversely, if the terms of the policy are susceptible to more than one meaning, they are considered ambiguous and will be construed strictly against the insurer who drafted the policy. *Id.* (citing *Outboard Marine*, 154 Ill.2d at 108-09).

In *Koloms*, the Illinois Supreme Court held the pollution exclusion can be ambiguous, particularly when the provision is applied in instances that do not involve pollution in the traditional sense. *Koloms*, 177 Ill.2d at 489. Clean Harbors' discovery request is material because of the potential ambiguity of the provision as construed by National Union.

The Illinois Supreme Court's holding in *Koloms* was followed in the post-*Koloms* cases, *Kim v. State Farm Fire and Casualty Co.*, 312 Ill. App. 3d 770 (1st Dist. 2000), and *Connecticut Specialty Ins. Co. v. Loop Paper Recycling, Inc.*, 356 Ill. App. 3d 67 (1st Dist. 2005).

Therefore, Clean Harbors may proceed further with discovery. The existence of documents and deposition testimony specifically linked the intent of the parties regarding the pollution exclusion provision.

### *Clean Harbors Satisfies all Rule 56(f) Requirements*

Clean Harbors has met all requirements imposed by Rule 56(f). Because extrinsic evidence may be needed to determine the intent of the parties, Clean Harbors will be allowed to explore additional facts to determine whether the pollution exclusion provision in the policy is ambiguous. Without obtaining the documents or conducting depositions to determine the intent of the parties, Clean Harbors does not have the wherewithal to defend a motion for summary judgment. In light of all the circumstances, granting a continuance for these purposes is just. *Davis*, 396 F.3d at 885.

The continuance is also warranted if the court applies the criteria discussed above and cited in *Farmer*, 81 F.3d 1444, *CSC Holdings, Inc.*, 309 F.3d 988, and *Resolution Trust Corp.*, 22 F.3d 1198. The 56(f) request was authoritative in that it clearly spelled out the documents Clean Harbors is seeking. Clean Harbors' usage of Rule 56 was certainly timely. Utility, the likelihood the documents are in existence, is not at issue. National Union has never hinted at the nonexistence of the documents. Clean Harbors has also exhibited good cause, as stated above. Materiality has been demonstrated for present purposes. The documents may indicate the intent of the parties and the existence or nonexistence of a material issue of fact.

Clean Harbors' request clearly stated the reasons why it could not adequately respond to the motion without further discovery. *Grayson*, 308 F.3d at 816 (citing Rule 56(f) and *Kalis*, 231 F.3d at 1058). After National Union discloses the requested documents and offers its representative for the Rule 30(b)(6) deposition, the Court will be prepared to construe the language of the provision and determine the intent of the parties. Clean Harbors has provided an adequate explanation of the reasons why the extension is necessary. *Farmer*, 81 F.3d at 1449 (citing *Korf*, 726 F.2d 1222, 1230 (7th Cir. 1984)).

Clean Harbors has specified discovery material relating to the ambiguity of the pollution exclusion. *Davis*, 396 F.3d at 885. For instance, Clean Harbors has requested documents detailing the application of the pollution exclusion to insureds like Clean Harbors that regularly deal with chemicals and waste as part of the everyday business. It is also seeking to discover documents or deposition testimony that shed light on how National Union has applied the

exclusion to workplace injuries involving the exposure to chemicals or toxins. Clearly, this is not a situation in which Clean Harbors "has made only vague assertions that further discovery would develop genuine issues of material fact." *U.S. v. Bob Stofer Oldsmobile-Cadillac, Inc.*, 766 F.2d 1147, 1153 (7th Cir. 1985).

Clean Harbors has not acted in an untimely manner to discover the documents. *Kalis*, 231 F.3d at 1058. National Union has elected not to disclose the documents to Clean Harbors.

### *Exhaustion of Primary Coverage*

National Union argues that pursuant to the policy, until and unless Clean Harbors exhausts its primary insurance coverage, the National Union excess policy is not implicated.

National Union's argument fails. As Clean Harbors points out, although Judge Holderman ordered the settlement transcript sealed, counsel for all parties in the case are aware of the terms of the settlement. Clean Harbors contends that the terms are such that National Union's excess insurance policy will be invaded. National Union does not dispute this contention.

In *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677 (7th Cir. 1992), the Seventh Circuit found a controversy existed between a plaintiff and the excess liability insurer of the defendant even though judgment in an underlying suit had not yet been obtained. The court weighed the possibility of the excess policy being reached, eventually determining it was possible enough to create a controversy. For now, it appears that the Lopez settlement will invoke National Union's excess coverage. Declaratory judgment is not appropriate when it is likely that an excess policy will be reached.

## CONCLUSION

For the reasons stated above, National Union's motion is denied. The matter is continued for status and setting of a time to complete necessary discovery and to file motions for summary judgment and a briefing schedule thereon.

Dated: October 29, 2009

_____
JOHN W. DARRAH
United States District Court Judge