# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Susan E. Cox |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2180 | **DATE** | 8/17/2010 |
| **CASE TITLE** | Insurance Co of North America, et al . vs. Clean Harbors Environmental Svc.,Inc., et al | | |

**DOCKET ENTRY TEXT**

Clean Harbors' motion for leave to designate Exhibits 1 & 2 of its motion to compel under seal [234] and National Union's motion to designate its response to Clean Harbors' motion to compel as under seal [239] are granted. Clean Harbors' motion to compel [229] and emergency motion to compel [243] are granted in part and denied in part. Motion hearings set for 8/19/10 at 9:30 a.m. are stricken.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

Before the Court are four motions: (1) a motion to compel filed by defendants Clean Harbors Environmental Services, Inc. and Clean Harbors, Inc. ("Clean Harbors") [dkt 229]; (2) a motion for leave to file exhibits under seal, filed by Clean Harbors [dkt 234]; (3) a motion to designate its response as under seal, filed by third party defendant National Union Fire Insurance Company of Pittsburgh ("National Union") [dkt 239]; and (4) an emergency motion to compel filed by Clean Harbors [dkt 243]. We grant the motions to file under seal [dkts 234 and 239]. The only remaining motion to be addressed here, then, is the motion to compel (Clean Harbors' emergency motion is essentially a repeat of the motion to compel). We grant in part and deny in part both motions [dkts 229 and 243].

There are three issues to address in Clean Harbors' motion to compel. The first is whether National Union should produce a certain document from the underlying Lopez claim file: specifically, an unredacted copy of NU 000180, which allegedly contains "reserve" information. National Union argues that the one page document should not be produced because it is irrelevant and because Clean Harbors has not explained why it even needs this reserve information. But as this Court ruled previously, though the relevance may be tenuous, discovery is broad. We already required the production of the underwriting manual, and this is no different. Clean Harbors claims that because they are in the business of transporting and handling environmental waste, National Union cannot now assert that they did not intend to cover that risk. If this document *may* shed some light on that argument, it is discoverable. The Federal Rules provide that discovery sought "need not be admissible at trial" but simply must appear "reasonably calculated to lead to the discovery of admissible evidence."[1] We, therefore, instruct National Union to produce this one page document.

The second issue in the motion to compel is Clean Harbors' request to re-depose Alan Kleinberger, who was produced by National Union as their 30(b)(6) representative able to testify as to their affirmative defenses. During the deposition, Clean Harbors asked Mr. Kleinberger about National Union's underwriting procedure. Specifically,

> Q. And in that underwriting procedure, isn't it true that National Union knew that Clean Harbors was one of the country's largest environmental service providers?

National Union's counsel apparently instructed Mr. Kleinberger not to answer. We find it helpful to review Federal Rule of Civil Procedure 30(c)(2), which dictates the proper form of objections during depositions:

> An objection at the time of the examination ... must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).[2]

As noted in the rule, unless a privilege exists, or "the question calls for information the court *previously* ruled out, 'the attorney must only state his objection and allow the client to answer.'"[3] The third option is to terminate or limit the deposition, "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."[4] When the third option is invoked, the Seventh Circuit has found that "the proper course of action is to 'halt the deposition and apply for a protective order.'"[5]

Here, National Union instructed Mr. Kleinberger not to answer only because it claims the underwriting of the National Union policy was listed by Clean Harbors as a separate topic, so a separate corporate designee was going to be produced on that issue. But National Union has not filed a motion for a protective order under Rule 30(d)(3), nor would that have been appropriate here. "Rule 30(d)(3) honors objections based on the manner in which the deposition is being conducted, not those based only on the relevance of the questions being asked."[6] And here National Union's claim is principally that these questions were not relevant to Mr. Kleinberger's topics. So National Union's actions in the deposition, instructing Mr. Klienberger not to answer, were improper. The rule is clear: unless the attorney claims the question calls for privileged information, the attorney must only state the objection and then allow the client to answer.[7]

But this does not mean that we find the relief sought by Clean Harbors to be appropriate. If, in fact, a separate corporate designee is being produced to speak to underwriting topics, then there is no reason to require Mr. Kleinberger to re-sit for this deposition.

The third and final issue is whether Clean Harbors should be allowed to re-question Alan Petitt on the issue of reserves. During his deposition, counsel for National Union instructed Mr. Petitt not to answer a question, which is the subject of this dispute:

> Mr. Donham: ...What would be the titled of someone at National Union of the person who would set reserves?
>
> \*\*\*
> A. The analyst sets reserves. The person handling the file.
> Q. So in the Lopez case, that would have been you?
> A. Reserves were set before I got the file.
> Q. So there were reserves set by the time you got the file?
> Mr. Zimmerman: object to form. I am going to instruct him not to answer the question. If you want an answer to that question, we will get the Judge on the phone here.

| STATEMENT |
|---|
| Our finding as to National Union's conduct with Mr. Kleinberger applies here too. It is not proper for counsel to instruct the deponent not to answer unless a privilege is being protected. It would benefit National Union's counsel to review the Federal Rules of Civil Procedure. But the most troubling portion of this motion is that, essentially, Clean Harbors is requesting a second deposition to ask Mr. Petitt to repeat his initial answer. The simple solution here, as suggested by National Union, is through a written interrogatory. If Clean Harbors believes it to be necessary, it may ask this same question in written form, but we will not require re-presentment of Mr. Petitt. |

1. Fed. R. Civ. P. 26(b)(1).

2. Fed.R.Civ.P. 30(c)(2).

3. *Medline Ind. v. Lizzo,* 2009 WL 3242299, *1 (N.D.Ill. Oct. 6, 2009).

4. Fed.R.Civ.P. 30(d)(3).

5. *Medline Ind.,* 2009 WL 3242299 at *2 (citing *Redwood v. Dobson,* 476 F.3d 462, 467 (7th Cir. 2007)).

6. *Medline Ind.,* 2009 WL 3242299 at *2 (citing Fed.R.Civ.P. 30(d)(3)).

7. *Amari Co., Inc. v. Burgess,* 2009 WL 1269704, *1 (N.D.Ill. April 30, 2009).