# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2180 | **DATE** | 2/23/11 |
| **CASE TITLE** | Pacific Employers Insurance Company, et al. v. Clean Harbors Environmental Services, Inc., et al. | | |

**DOCKET ENTRY TEXT**

National Union's Motion for Sanctions under Rule 11 [329] is denied. Clean Harbors Motion to Conform to the Proofs [291] is denied, provided that Clean Harbors may file a motion for sanctions under Rule 11 and/or 215 ILCS 5/155, within 14 days of the Court's ruling on the bench trial in this case.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

On August 23, 2010, a bench trial was held on Clean Harbors' claims against National Union. Clean Harbors asserted that as its excess insurance carrier, National Union was required to indemnify it for and against all claims against Clean Harbors in *Lopez v. Clean Harbors Environmental Services, Inc.*, 05 CV 3645 (the underlying "Lopez litigation"). On August 26, 2010, the final day of the four-day bench trial, Clean Harbors filed a "Motion to Amend Clean Harbors' Amended Third-Party Complaint to Conform to the Proofs to Add Claim Pursuant to 215 ILCS 5/155" ("Section 155"). Section 155 provides that an insured may recover attorney fees and other amounts when the court finds that the insurer's delay in settling a claim or litigation position with respect to coverage is vexatious and unreasonable. 215 ILCS 5/155.

Clean Harbors' proposed claim alleges that National Union violated Section 155 by:
    (1) refusing to conduct a good faith, timely, independent investigation of the Lopez claim;
    (2) losing the Lopez claim file for eleven months and concealing that loss from Clean Harbors;
    (3) refusing to attend a settlement meeting on September 23, 2008;
    (4) failing to meaningfully participate in good faith in a settlement conference before Judge Holderman; and
    (5) filing false pleadings and making false statements during this litigation.

Clean Harbors, in its reply brief, requests, in the alternative, relief pursuant to Rule 11 of the Federal Rules of Civil Procedure based on the same grounds.

In response, National Union argues that it never consented to try the issue of Clean Harbors' statutory claims under Section 155 and would be prejudiced if Clean Harbors were permitted to add additional claims during the trial. Furthermore, National Union argues that Clean Harbors' Section 155 claim fails on the merits since there was a bona fide dispute as to whether coverage existed – specifically, whether the pollution exclusion barred coverage of the Lopez suit. Finally, National Union argues that its counsel's conduct during this litigation cannot be used to support a claim under Section 155. Therefore, National Union argues that Clean Harbors' Motion to Amend should be denied. In the alternative, National Union requests that it be allowed time to undertake discovery relevant to Clean Harbors' new claim.

# STATEMENT

Therefore, Clean Harbors' motion to add a claim pursuant to Section 155 is denied, without prejudice to Clean Harbors to file a petition based on either or both Section 155 or Rule 11 upon final ruling by the Court on the bench trial on this matter.

Also before the Court is National Union's motion for Rule 11 sanctions. National Union's motion concerns the parties' written statements regarding the holding in the case of *Great American Ins. Co. v. Bally Total Fitness Holding Corp.*, 2010 WL 2542191 (N.D. Ill. June 22, 2010) (*Great American*), cited by National Union in support of its motion for judgment under Rule 52(c). In *Great American*, the court determined that a fourth-layer excess policy unambiguously required the insured to collect the full limits of the underlying policies before recovering from the excess carrier. *Id.* at *5. The fourth-layer excess policy provided:

> The insurance coverage afforded by the Policy shall apply (1) only in excess of all Underlying Insurance and (2) only after all Underlying Insurance has been exhausted by payment of the total underlying limit of insurance and (3) only if each and every Underlying Insurance Policy has responded by payment of loss as a result of any wrongful act.

*Id.* at *1. The policy further provided:

> In the event of exhaustion of all of the limits of insurance of the Underlying Insurance solely as a result of actual payment of loss or losses thereunder, this Policy shall, subject to the Limit of Insurance, terms and conditions of this Policy, apply as Primary Insurance subject to any retention specified in the Primary Policy.

*Id.*

In its reply brief in support of its Rule 52(c) motion, National Union quoted language from the fourth-layer excess policy in *Great American* and argued that the "operative language" in that policy was "substantially the same as language contained in the National Union policy." Reply at 2. Clean Harbors, in its reply brief in support of its closing argument, accuses National Union of omitting critical language from its quotation of the fourth-layer policy. Specifically, Clean Harbors alleges that National Union omitted the third condition in the clause defining conditions precedent to coverage. Furthermore, Clean Harbors asserts that the *Great American* court relied on this third condition in finding the clause to be unambiguous. Finally, Clean Harbors adds in a footnote that National Union's "selective quotation and deliberate omission of critical language" is "a further example" of why Clean Harbors should be awarded sanctions under Rule 11 and/or Section 155.

National Union argues that the *Great American* court did not rely on the third condition of the clause and that Clean Harbors' suggestion that National Union's argument on this point violated Rule 11 is, itself, a violation of Rule 11.

It cannot be determined, for purposes of ruling on compliance with the requirements of Rule 11, whether the third condition was necessary to the court's holding and whether the result would have been the same had that condition not been included in the policy.

Therefore, National Union's Motion for Sanctions under Rule 11 is denied.