UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PACIFIC EMPLOYERS INSURANCE CO., et al.,

    Plaintiffs,

v.

CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., et al.,

    Defendants.

_____

CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., et al.,

    Counterclaim and Third- Party Plaintiffs,

v.

PACIFIC EMPLOYERS INSURANCE CO., et al.,

    Counterclaim Defendant,

v.

NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA,

    Third-Party Defendant.

Case No. 08 C 2180

Judge John W. Darrah

# MEMORANDUM OPINION AND ORDER

Following a bench trial, on February 24, 2011, this Court issued a Memorandum Opinion and Order entering judgment in favor of Clean Harbors[1] on Count I of Clean Harbors' Third-Party Complaint, ordering National Union[2] to indemnify Clean Harbors from and against the claims asserted by Lopez against Clean Harbors in the *Lopez* lawsuit.[3] This matter now comes before the Court on Clean Harbors' Motion for Sanctions against National Union under Rule 11 and/or Section 155 of the Illinois Insurance Code, 215 ILCS 5/155 ("Section 155"). The factual background in this case is contained in the Findings of Fact in this Court's February 24, 2011 Memorandum Opinion and Order and, therefore, need not be recited here. (*See* Dkt. No. 345 at 3-6.)

## ANALYSIS

On February 4, 2010, this Court granted summary judgment in favor of Clean Harbors, holding that Clean Harbors' claim against National Union did not fall within the "pollution exclusion" in the insurance policy issued by National Union to Clean Harbors (the "National Union Policy"). (Dkt. No. 172 at 9-10.) Now Clean Harbors argues that after February 24, 2010, National Union should have agreed to indemnify Clean Harbors rather than continuing to litigate the dispute through trial and post-trial. (Mot. at 1.) To this end, Clean Harbors raises several issues regarding

---

[1] "Clean Harbors" refers, collectively, to Defendants/Third-Party Plaintiffs Clean Harbors Environmental Services, Inc. and Clean Harbors, Inc.

[2] National Union refers to Third-Party Defendant, National Union Fire Insurance Company of Pittsburgh, Pennsylvania.

[3] The *Lopez* lawsuit refers to the lawsuit brought by Eddie and Sandy Lopez against Clean Harbors. *See Lopez v. Clean Harbors Envtl. Servs., Inc.*, No. 05-cv-3645. (*See also* Dkt. No. 172 at 2-3 (discussing factual background).)

National Union's purported bad-faith conduct, including that National Union asserted factually unsubstantiated coverage defenses and presented false evidence to this Court. (*Id.*) Based on National Union's alleged conduct, Clean Harbors claims it is entitled to attorneys' fees and costs in the amount of $556,160.30 against National Union under Section 155 and/or Rule 11.[4]

### Section 155

Section 155 of the Illinois Insurance Code provides that a court may award attorney fees and other damages in an insurance coverage action where it appears to the court that the insurance company's actions have been "vexatious and unreasonable." 215 ILCS 5/155. An insurer's actions are "vexatious and unreasonable" when an insurer denies coverage for a claim for which there is no "bona fide dispute" over coverage. *Bedoya v. Ill. Founders Ins. Co.*, 688 N.E.2d 757, 764-65 (Ill. App. Ct. 1997).

"Attorneys' fees may not be awarded simply because an insurer takes an unsuccessful position in litigation, but only where the evidence shows that the insurer's behavior was willful and without reasonable cause." *Citizen First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) (*Citizens*).

An insurer's conduct is not vexatious and unreasonable if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled

---

[4] Clean Harbors seeks an award against National Union from February 5, 2010, through December 31, 2010, for: $414,700.70 in attorneys' fees; $81,459.60 in costs; and $60,000.00 in statutory damages.

issue of law. *Id.* "Because the statute is penal in nature, its provisions must be strictly construed." *Id.* (citing *Morris v. Auto-Owners Ins. Co.*, 606 N.E.2d 1299, 1305 (Ill. App. Ct. 1993)).

Clean Harbors argues that National Union has "exhibited a pattern of vexatious and unreasonable conduct." (Mot. at 3.) In particular, Clean Harbors alleges that National Union asserted the "expected/intended injury" defense, which "its own witnesses knew . . . had no basis in fact" and vexatiously and unreasonably asserted "late notice" and "other insurance" affirmative defenses.

As discussed below, Clean Harbors' arguments regarding National Union's bad-faith presentation of evidence in furtherance of its "expected/intended injury" affirmative defense is compelling. But for the purposes of Section 155, Clean Harbors has not sufficiently demonstrated that National Union vexatiously or unreasonably pursued its "expected/intended injury" affirmative defense pursuant to the factors set out above.

Next, Clean Harbors argues that National Union's pursuit of its "late notice" affirmative defense was vexatious. In finding that Clean Harbors did provide adequate notice to National Union of the *Lopez* lawsuit, this Court considered the totality of the evidence in light of the five factors set forth in *West American Insurance Co. v. Yorkville National Bank*, 939 N.E.2d 288, 293 (Ill. 2010). National Union's affirmative defense required the careful evaluation of the evidence, and at no point, was it apparent that National Union's pursuit of the defense was meritless or unreasonable.

With respect to National Union's "other insurance" affirmative defense, National Union failed to produce any evidence supporting its defense at trial. (Dkt. No. 345 at 9.) Although this raises questions about the effectiveness of National Union's

4

litigation strategy, Clean Harbors' contention that National Union vexatiously and unreasonably pursued this defense is not persuasive. That National Union's defenses were rejected by this Court at trial is not sufficient to find a violation under Section 155. *See Citizens*, 200 F.3d at 1110.

Last, Clean Harbors argues that National Union vexatiously pursued its affirmative defenses with its request to take the depositions of five witnesses on February 4, 2010. (Reply at 13.) National Union's request was granted based on its representation that the specific depositions were necessary in pursuing its affirmative defenses. (*See* Dkt. No. 188 and 3/23/10 Hr'g Tr. at 30.) Clean Harbors now argues that "National Union's representation to induce the Court to allow discovery was not made in good faith."

Although National Union's decision to take these depositions was questionable, the scope of deposition discovery under Rule 26 broadly encompasses "discovery . . . that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

Here, Clean Harbors has not demonstrated in what manner National Union's representation was made in bad faith or that the taking of these depositions was outside the scope of Rule 26.

*Rule 11*

In the alternative, Clean Harbors argues that National Union's certifications of "its pleadings" were false and that its post-trial brief hinged on an "inadequate factual investigation" in violation of Federal Rule of Civil Procedure 11. (Mot. at 14.)

5

Clean Harbors' conclusory, undeveloped argument is not persuasive. In particular, Clean Harbors fails to identify a specific pleading (or any sections therein) for which the certification was purportedly "false." The same goes for its arguments regarding National Union's post-trial brief – Clean Harbors neglects to mention which specific sections, pages, or arguments were based on an inadequate factual investigation.

But Rule 11(c)(3) provides that, "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Rule 11(b) provides, in relevant part, that:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(1), (3).

National Union's presentation of evidence in furtherance of its "expected/intended injury" affirmative defense fails to satisfy the requirements of Rule 11(b). Specifically, in National Union's August 22, 2010 response to Clean Harbors' Motion *In Limine* No. 3, National Union asserted, "Clean Harbors knew that some of the drums it handles contained 'acutely' toxic materials." (Dkt. No. 275 at 8.) National Union represented, "Evidence will also show that, after depositing its crushed drums into the roll off bins, Clean Harbors did not tarp them despite the fact that,

6

prior to Mr. Lopez' exposure, another Waste Management employee was overcome by fugitive emissions coming from the crushed drums in the roll of dumpsters." (*Id.*)

At trial on August 23, 2010, National Union represented that these statements were made based on the January 15, 2008 affidavit of Mr. Van Beveran (a truck driver for Waste Management). (Dkt. No. 336-2, 8/23/10 Hr'g Tr. at 115.) In his affidavit, however, Mr. Van Beveran expressly attested, "On one occasion in August of 2000, I was overcome by the fumes after I hauled a load of ordinary garbage (***not crushed drums***) from Clean Harbors' Stony Island facility." (Dkt. No. 150-12 at ¶ 15 (emphasis added).)

National Union's response that "in the flurry of final trial preparation," its response motion "inadvertently contained inaccurate information and arguments regarding the contents of an affidavit" is unconvincing. (Reply at 10.) Mr. Van Beveran's affidavit expressly negates the statements made by National Union in its motion *in limine* response. To assert to the contrary in its written response cannot reasonably be found to be inadvertent under these circumstances.

Indeed, National Union's counsel was repeatedly asked whether there was any other factual support for National Union's representation that "another Waste Management employee was overcome by fugitive emissions coming from the crushed drums in the roll-of dumpsters." (8/23/10 Hr'g Tr. at 115, 117-118.) Counsel failed to identify any evidence apart from Mr. Van Beveran's affidavit. (*Id.*) Thus it is clear that National Union's motion *in limine* response violated the requirement under Rule 11(b)(3) that "factual contentions have evidentiary support." Rather, the only factual matter of record on this issue is a sworn statement that expressly negates National Union's factual contention.

7

Accordingly, National Union's counsel is ordered to show cause as to why the above-described conduct does not violate Rule 11(b).

## CONCLUSION

For the reasons set forth above, Clean Harbors' Motion for Sanctions Pursuant to 215 ILCS 5/155 and Rule 11 [351] is denied. Pursuant to Rule 11(b)(3), National Union's counsel is ordered to show cause as to why the conduct described in this Order does not violate Rule 11(b).

Date: 9-21-11

JOHN W. DARRAH
United States District Court Judge