UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE CO., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., et al., <br><br> Defendants. <br><br> ——————————————— <br><br> CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., et al., <br><br> Counterclaim and Third- Party Plaintiffs, <br><br> v. <br><br> PACIFIC EMPLOYERS INSURANCE CO., et al., <br><br> Counterclaim Defendant, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, <br><br> Third-Party Defendant. | Case No. 08 C 2180 <br><br> Judge John W. Darrah |

**MEMORANDUM OPINION AND ORDER**

On April 16, 2008, Pacific Employers Insurance Company ("PEIC") brought suit against Clean Harbors Environmental Services, Inc. and Clean Harbors, Inc. (collectively, "Clean Harbors"), seeking a declaratory judgment that PEIC had no duty to

indemnify Clean Harbors for amounts paid by Clean Harbors in a personal injury suit filed by Eddie Lopez against Clean Harbors. On September 26, 2008, Clean Harbors filed a counterclaim against PEIC and a third-party complaint against National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"), seeking judicial declaration that PEIC and National Union were obligated to defend and indemnify Clean Harbors against all claims made in the Lopez suit. On February 25, 2010, pursuant to a settlement agreement, Clean Harbors dismissed the counterclaim against PEIC. On August 23, 2010, a bench trial commenced as to the remaining claims between Clean Harbors and National Union.

On February 24, 2011, the Court issued a Memorandum Opinion and Order, entering judgment in favor of Clean Harbors on Count I of Clean Harbors' Third-Party Complaint, holding that National Union is ordered to indemnify Clean Harbors from and against the claims asserted by Lopez against Clean Harbors in the Lopez lawsuit.

This matter now comes before the Court on National Union's Motion under Federal Rule of Civil Procedure 59(e) to Alter or Amend this Court's February 24, 2011 Memorandum Opinion and Order, or, Alternatively, for a New Trial or Other Relief. A factual backdrop to this case is located in the Findings of Facts in this Court's February 24, 2011 Memorandum Opinion and Order, and will, therefore, not be recited here. (*See* Dkt. No. 345 at 3-6.)

## LEGAL STANDARD

"The only grounds for a Rule 59(e) motion . . . are newly discovered evidence, an intervening change in the controlling law, and manifest error of law [or fact]."
2

*Local 73, Serv. Emps. Int'l Union v. Argonne Nat'l Lab.*, No. 05 C 2772, 2006 WL 695532, at *2 (N.D. Ill. Mar. 13, 2006) (*Local 73*) (quoting *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998)).

A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citation omitted). "Once judgment has been entered, there is a presumption that the case is finished, and the burden is on the party who wants to upset that judgment to show the court that there is good reason to set it aside." *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009). The movant must "clearly establish" grounds for setting aside the judgment. *Local 73*, 2006 WL 695532, at *2 (citing *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)).

## ANALYSIS

National Union does not present any newly discovered evidence or new controlling law. Instead, National Union argues that the Court's decision contains manifest errors of law or fact. (Mot. at 2.) National Union does not present any arguments that have not been previously resolved. Rather, National Union rehashes the same arguments made in its motion for judgment on the pleadings and in its trial brief. (*See* Dkt. Nos. 293, 326.) "Reconsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).
3

Specifically, National Union argues that the Court erred in ruling on the issue of exhaustion of primary insurance before coverage was required under the National Union Policy. This issue was raised at trial, and both National Union and Clean Harbors briefed this issue extensively in their post-trial briefs. National Union, here, makes the same arguments and cites the same cases.

Next, National Union challenges the Court's holding that National Union bears the burden of proof on the issue of underlying exhaustion and moreover, that National Union failed to meet that burden at trial. (Mot. at 7.) The Court previously discussed and rejected National Union's argument. (*See* Dkt. No. 345 at 8-9.) In challenging the Court's holding that National Union did not meet this burden, National Union now relies on Clean Harbors' General Counsel's purported admission that it was Clean Harbors' position that the Steadfast EIL Policy provided coverage. (Mot. 8.) But National Union failed to raise this argument in its closing argument. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (holding that Rule 59(e) "does not allow a party to introduce new evidence or advance legal arguments that could and should have been presented to the district court prior to the judgment.").

National Union next argues that the Court's denial of its Rule 19 motion to add Steadfast as a necessary party was a manifest error of law and thus National Union is entitled to a new trial. (Mot. at 11.) The basis of National Union's Motion, here, was presented, considered, and ruled on by the Court in denying National Union's Rule 19 motion.

Last, National Union also challenges the Court's ruling that the Lopez settlement was a recoverable loss for Clean Harbors. (Dkt. No. 182 at 11.) National Union raised this issue in its trial brief. Now National Union essentially argues only that in reaching its decision, the Court misconstrued the settlement agreement. But National Union identifies no "manifest error of fact or law" or any of the other appropriate bases for a Rule 59 motion. Disagreement with the Court's opinion is not an appropriate basis for reconsideration. *See Valero Energy Corp. v. U.S.*, No. 06 C 6730, 2008 WL 4104367, at *2 (N.D. Ill. Aug. 26, 2008) (noting that a Rule 59 motion "is not the appropriate mechanism for a party to express its disagreement, no matter how vehement, with a court's ruling."); *Index Futures Group, Inc. v. Schmidt*, No. 92 C 4353, 1997 WL 187321, at *1 (N.D. Ill. Apr. 11, 1997) ("Nor is it appropriate to file a Rule 59(e) motion simply because a party disagrees with a court's earlier decision."). Nor is National Union's argument that Steve Pearson's (Steadfast's coverage counsel) testimony was improperly admitted an appropriate basis for reconsideration. National Union's objection was overruled at trial, but National Union simply disagrees with the Court's decision.

In sum, a request for reconsideration is not a proper substitute for an appeal. *Cf. Del Carmen v. Emerson Elec. Co.*, 908 F.2d 158, 161 (7th Cir. 1990). National Union has presented no grounds upon which reconsideration is proper but rather, has improperly used its motion as a forum to rehash arguments that have been previously ruled upon by this Court. A motion for reconsideration that merely expresses the movant's disagreement with prior rulings results in a waste of judicial resources.

## CONCLUSION

For the reasons set forth above, National Union's Rule 59(e) Motion to Alter or Amend this Court's February 24, 2011 Memorandum Opinion and Order [352] is denied.

Date: 9-21-11

JOHN W. DARRAH
United States District Court Judge