UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE CO., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., et al.,<br><br>    Defendants.<br><hr><br>CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., et al.,<br><br>    Counterclaim and Third-Party Plaintiffs,<br><br>v.<br><br>PACIFIC EMPLOYERS INSURANCE CO., et al.,<br><br>    Counterclaim Defendant,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA,<br><br>    Third-Party Defendant. | Case No. 08 C 2180<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

On February 24, 2011, the Court issued a Memorandum Opinion and Order, entering judgment in favor of Defendant/Third-Party Plaintiffs, Clean Harbors Environmental Services, Inc. and Clean Harbors, Inc. (collectively, "Clean Harbors") on

Count I of Clean Harbors' Third-Party Complaint, holding that Third-Party Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") is ordered to indemnify Clean Harbors from and against the claims asserted by Lopez against Clean Harbors in the *Lopez* lawsuit.[1] National Union's Motion under Federal Rule of Civil Procedure 59(e) to Alter or Amend this Court's February 24, 2011 Memorandum Opinion and Order or, Alternatively, for a New Trial or Other Relief was denied on September 21, 2011.

On November 1, 2011, Clean Harbors submitted a Bill of Costs, seeking $34,244.15. National Union filed an objection to Clean Harbors' Bill of Costs on November 15, 2011. In reply, Clean Harbors filed an Amended Bill of Costs, removing certain challenged costs and reducing its request to $28,999.88.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d)(1), costs, other than attorney's fees, should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). When ruling on a bill of costs, there is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). The burden is on the non-prevailing party to overcome this presumption. *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) (*Rivera*). Further, district courts enjoy wide discretion in determining and awarding reasonable costs. *Testa v. Vill. of Mundelein, Illinois*, 89 F.3d 443, 447 (7th Cir. 1996). Under Rule 54(d)(1), recoverable costs, as set

---

[1] The *Lopez* lawsuit refers to the lawsuit brought by Eddie and Sandy Lopez against Clean Harbors. *See Lopez v. Clean Harbors Envtl. Servs., Inc.*, No. 05-cv-3645. (*See also* Dkt. No. 172 at 2-3 (discussing factual background).)

2

forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1902.

However, it should be noted that, under Rule 54(d), a court does not have "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur. . . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). A prevailing party is entitled to recover costs only if: (1) the expenses are allowable under § 1920 and (2) the expenses are reasonable both in amount and necessity to the litigation. *Deimer v. Cincinnati Sub-Zero Prod., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

## ANALYSIS

Clean Harbors seeks $28,999.88 for costs relating to court transcripts, deposition transcripts, in-house printing charges, and copies of trial exhibits. As a preliminary issue, National Union argues that Clean Harbors should only recover 50 percent of the costs it incurred in prosecuting its claims against National Union due to a Settlement Funding Agreement between Clean Harbors and Steadfast Insurance Company (a non-party), which states that Steadfast Insurance Company and Clean Harbors shall split fees, costs, and expenses in half. (Dkt. No. 394 at 2.) National Union offers no support for its argument. Rule 54(d)(1) provides that costs shall be awarded to a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. National Union has not advanced any argument that Clean Harbors is not the prevailing party here. As such, National Union's conclusory argument is unavailing.

*Fees for Deposition Transcripts*

Next, National Union objects that the per-page deposition transcript copy rates used by Clean Harbors exceed the maximum rate set by the Judicial Conference. Rule 54.1(b) provides that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by the court." The maximum transcript rates were last updated on October 29, 2007. The current maximum transcript rates on a per-page basis are as follows (*see* www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm):

|  | Original | Copy to Each Party |
|---|---|---|
| Ordinary Transcript | $3.65 | $0.90 |
| Fourteen-Day Transcript | $4.25 | $0.90 |
| Expedited Transcript (7 day) | $4.85 | $0.90 |
| Daily Transcript | $6.05 | $1.20 |

The maximum per-page rate for ordinary deposition transcripts is $3.65. National Union argues that Clean Harbors' deposition transcript invoices include copy rates that exceed this maximum. In its Amended Bill of Costs, Clean Harbors concedes National Union's objection for the deposition transcripts of Shaun McFaul, Jennifer Skinner, and William O'Connor (two transcripts).[2]

Clean Harbors does not concede that $3.65 is the proper per-page rate for the depositions of Alan Kleinberger (July 21, 2010), Alan Pettit (July 22, 2010 and

---

[2] Clean Harbors' Amended Bill of Costs contains a typographical error with respect to the copying costs for O'Connor's second deposition. At page 3, Clean Harbors listed the O'Connor deposition transcript copy fee as $16.15, but it should be $162.15. Therefore, Clean Harbors' costs are reduced by $146.00

August 20, 2010), or Stafford Hay (August 4, 2010). Rather, Clean Harbors has amended its costs to reflect the appropriate rates for expedited and daily transcripts. Clean Harbors argues that the depositions of Kleinberger, Pettit (on July 22, 2010), and Hay were taken in the 30 days leading up to trial on August 23, 2010. With respect to Petitt's August 20, 2010 deposition,[3] Clean Harbors argues that Petitt's deposition was taken three days before the start of trial, and, therefore, Clean Harbors was required to order this transcript on an overnight basis. In light of the short time period between the date of these four depositions and the imminent trial date, and that Clean Harbors would have to review these deposition transcripts to prepare for trial, the "Expedited Transcript (7 day)" rate of $4.85 per page is appropriate for the depositions of Kleinberger, Petitt (July 22, 2010) and Hay, and the "Daily Transcript" rate of $6.05 per page is appropriate for Petitt's August 20, 2010 deposition. Accordingly, Clean Harbors' costs with respect to these four depositions as reflected in its Amended Bill of Costs are granted.

National Union also objects to the entire costs of Jeff Stempel's deposition because Clean Harbors has provided no itemization. Clean Harbors concedes this objection, and its costs are therefore reduced by $469.60.

---

[3] Petitt's August 20, 2010 deposition was taken after Clean Harbors' motion to compel the continued deposition of Petitt was granted (in relevant part) on August 17, 2010. Clean Harbors filed the motion to compel after National Union instructed Petitt to not answer certain questions at his July 22, 2010 deposition. (*See* Dkt. No. 248.)

*Other Fees for Depositions*

National Union also objects that Clean Harbors' charges for rough-draft transcripts and exhibits, charges for extra copies, shipping fees, rough-draft fees, disk fees, and condensed transcript fees are ordinary business expenses and not allowed. Clean Harbors has removed costs associated with "copying of deposition exhibits, ASCII discs, archiving fees, delivery fees, and shipping," as reflected in its Amended Bill of Costs.[4]

Clean Harbors does not concede the costs of condensed transcripts for each deposition, which amounts to a total of $360.00. Condensed transcript costs are generally not taxable "because they are not necessary to litigation and are merely for the convenience of the attorney." *Garcia v. City of Chicago*, No. 08 C 5354, 2010 WL 4134996, at *1 (N.D. Ill. Oct. 12, 2010); *see also Ochana v. Flores*, 206 F. Supp. 2d 941, 945 (N.D. Ill. 2002) ("Costs for condensed transcripts are not recoverable."). Clean Harbors presents no reason to conclude that the condensed transcripts in this instance were purchased for any purpose other than counsel's convenience. Accordingly, Clean Harbors' Amended Bill of Costs is reduced by $360.00.

---

[4] However, there are minor errors and inadvertent omissions in Clean Harbors' Amended Bill of Costs, which are identified as follows. First, Clean Harbors removed all fees for disks but failed to eliminate the $49 fee for the disk of Sean McFaul's deposition. Second, Clean Harbors removed the delivery fee for O'Connor's second deposition: the correct deduction is $8.00, not $18.00, however. (*See* Dkt. No. 389, Ex. A at 24.) Third, Clean Harbors removed the fees for exhibits for all depositions but failed to eliminate the $62.50 for Caldwell's deposition exhibits. Fourth, the archiving fee for Petitt's July 22, 2010 deposition is $30.00, not $30.50 as Clean Harbors has included. Accordingly, with these adjustments, Clean Harbors' costs are further reduced by $122.00.

*Fees for Exemplification and Copies of Papers*

Clean Harbors seeks to recover costs for copying and exemplification. 28 U.S.C. § 1920(4) provides for recovery of "fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case." Courts interpret this section to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. *See Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). National Union objects to three items of Clean Harbors' copying costs. Clean Harbors concedes each of these objections and has reduced its costs accordingly.

National Union also objects to $2,973.45 in charges for color boards with dry-erase laminate on the basis that Clean Harbors created the color boards only for the convenience of Clean Harbors' counsel. The definition of what qualifies as an exemplification includes a "wide variety of exhibits and demonstrative aids"; however, the "cost of conducting the research and analysis eventually reflected in the exhibit" cannot be recovered. *Perry v. City of Chicago*, No. 08 C 4730, 2011 WL 612342, at *7 (N.D. Ill. Feb. 15, 2011) (*Perry*). In determining whether an exemplification expense was reasonably necessary, the court may consider whether the exemplification was "vital to the presentation" or "merely a convenience or, worse, an extravagance." *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 428-429 (7th Cir. 2000).

As Clean Harbors used the color boards at trial, the color boards were certainly "necessarily obtained for use in this case." In addition, the color boards "were reasonably necessary for presenting evidence to the court, and not an extravagance," as

Clean Harbors extensively employed the color boards both in argument to the Court and with various witnesses. *See Perry*, 2011 WL 612342, at *7. Accordingly, Clean Harbors is awarded exemplification costs in the amount of $2,973.45.

## CONCLUSION

For the reasons set forth above, Clean Harbors' Amended Bill of Costs [395] is granted in part and denied in part. Clean Harbors is awarded $27,922.28 in costs. This is calculated by subtracting from Clean Harbors' Amended Bill of Costs ($28,999.88) the following costs as set forth by the Court's ruling: typographical error relating to O'Connor's deposition transcript copying cost ($146.00, *see* n.2); cost for Jeff Stempel's deposition ($469.60, *see* page 5); miscellaneous errors and inadvertent omissions ($102.00, *see* n.4); and costs for condensed transcripts ($360.00).

Date: January 19, 2012

JOHN W. DARRAH
United States District Court Judge